FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 JAN 23 PM 12: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL ANTHONY STEPHENS,

    Petitioner,

vs.

DEBORAH HICKEY, Warden, and
BUREAU OF PRISONS,

    Respondents.

CIVIL ACTION NO.: CV207-59

## ORDER

After an independent review of the record, the Court concurs with the recommendation of the Magistrate Judge that Stephens' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be denied. Stephens has filed Objections to the Report and Recommendation, wherein he largely reasserts the factual allegations of his petition and urges that errors committed during his disciplinary proceedings at FCI Jesup require that his sanctions, including the loss of good time credit, be reversed. Stephens contends that his Fifth Amendment rights were violated by the hearing officer's use of his silence against him, and that a "fair and impartial jury would never have found the Petitioner guilty of any crime in a trial based on the evidence used and errors made in this case beyond a reasonable doubt." (Doc. No. 17, p. 6).

AO 72A
(Rev. 8/82)

Stephens' Objections are without merit. Stephens likens his situation to that of a criminal defendant, but as the Magistrate Judge indicated, the constitutional requirements involved in prison disciplinary proceedings are simply not the same. First, the Supreme Court has been clear that drawing an adverse inference from a prisoner's silence during such proceedings does not, on its face, violate the self-incrimination privilege of the Fifth Amendment. See Baxter v. Palmigiano, 425 U.S. 308, 316-20, 96 S. Ct. 1551, 1557-59, 47 L. Ed. 2d 810 (1976). Furthermore, the evidentiary standard is entirely different. In order to revoke a prisoner's good time credits while satisfying the requirements of due process, the decision must be supported by "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). In Hill, the Supreme Court specifically rejected the approach suggested by Stephens:

> We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456, 105 S. Ct. at 2774 (internal citations omitted).

The Court concurs with the Magistrate Judge that a review of the evidence in this case shows a satisfaction of the "some evidence" standard, thus comporting with due process as it applies to prison disciplinary proceedings. Accordingly, the Report and Recommendation is adopted as the opinion of the Court. The petition for writ of habeas

AO 72A
(Rev. 8/82)

2

corpus, filed pursuant to 28 U.S.C. § 2241, is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 23 day of Jan., 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

3